```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MAC TRUONG,

                            Plaintiff,        10 Civ. 386 (DAB)
   -against-                              ORDER

HUNG THI NGUYEN, ALPHONSE HOTEL
CORP., ELAINE NGUYEN, SANG KIM
NGUYEN, and TRUONG DINH TRAN,

                           Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    On March 3, 2011, United States Magistrate Judge Henry B. Pitman issued a Report and Recommendation ("Report"), recommending that summary judgment be GRANTED in favor of Defendants. (Report at 1-2.) For the reasons set forth herein, after conducting the appropriate levels of review following the objections of Parties, the Report and Recommendation of Magistrate Judge Pitman dated March 3, 2011 shall be adopted as to its factual recitations (id. at 2-4), and its findings and recommendations regarding summary judgment (id. at 5-17), and shall be amended as detailed herein to provide for sanctions against Plaintiff and injunctive relief in favor of Defendants.

I.   Objections to the Report and Recommendation

    "Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded

leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

Pro Se Plaintiff filed timely objections to Magistrate Judge Pitman's Report. Plaintiff objects to the Report's findings and recommendation concerning summary judgment in favor of Defendants. Defendants have submitted a letter, dated March 8, 2011, noting that Judge Pitman's Report does not address their requests for sanctions and injunctive relief against Plaintiff, and urging the Court to grant such additional relief. The Court takes each Objection in turn, applying a de novo review as appropriate to those portions of the Report which are addressed by specific objections of Parties.

II. Plaintiff's Objections

Plaintiff filed lengthy Objections on March 17, 2011. (Docket # 19.) However, Plaintiff's Objections merely reiterate

3

the arguments he made in opposition to Defendants' Motion to Dismiss (Docket #12), his arguments in support of his own Motion for Summary Judgment (Docket #17), and his Affirmation in response to Judge Preska's sua sponte Order to Show Cause why his action should not be dismissed on the grounds of grounds of collateral estoppel, res judicata, doctrine, and failure to comply with the applicable statute of limitations (Docket #3). Accordingly, Plaintiff's Objections, which are not addressed to specific findings in the Report and which attempt to relitigate arguments already heard in this and in many prior actions, do not trigger de novo review of the Report. Having reviewed the Report for clear error, the Court adopts, approves, and ratifies the Report in its entirety. Summary judgment is granted in favor of Defendants on all issues. This Order resolves Plaintiff's claims on the merits and is to be given full preclusive effect in all future litigation.

III. Injunctive Relief

Given Plaintiff's extensive history of vexatious and harassing litigation, as detailed in the Report and herein, this Court finds that an injunction barring Plaintiff from filing further lawsuits without permission is necessary to conserve this Court's judicial resources. See In Re Sassower, 510 U.S. 4

(1993); Sassower v. Sansverie, 885 F.2d 9 (2d Cir. 1989).
Plaintiff Mac Truong is therefore BARRED from filing any lawsuit or otherwise pursuing these claims or any other claims, whether alone or on behalf of or in the company of his wife, his son, his daughter, or any other person, corporation, partnership, or entity, in this Court or in any other court, against the instant Defendants, their attorneys, or any other Party, without first obtaining, in writing, the express permission of the Court in which he wishes to proceed. 28 U.S.C. § 1651.

IV. Sanctions

Plaintiff was enjoined from bringing further lawsuits to pursue the claims he brings here by at least two Federal courts in the Southern District and by at least one New York State court.[1] See Vishipco Line v. Charles Schwab & Co., 2003 WL

---

[1] The injunctions related to litigation on the instant claims are in addition to multiple injunctions forbidding Plaintiff from pursuing various other vexatious actions. E.g., In re Truong, 2008 WL 442292 (Bkrtcy. D.N.J. Feb. 14, 2008) (enjoining further proceedings related to bankruptcy and disciplinary actions); Truong v. McGoldrick, No. 06 Civ. 1430 (SAS), 2006 WL 1788960 (S.D.N.Y. June 27, 2006) (enjoining Plaintiff "commencing any actions or proceedings against the Committee defendants or the State Judiciary defendants, or against any other parties, relating to the Broadwhite litigation or relating to his suspension or disbarment from the practice of law, absent prior approval from this Court").

5

1345229 (S.D.N.Y. Mar. 19, 2003) (SHS) (enjoining Mac Truong "from commencing any new proceedings, as either a party or as counsel, against Schwab or its attorneys for claims relating to" the disputed funds and accounts at issue herein without prior leave of court); Vitranschart, Inc. v. Levy, 2000 WL 1239081 (S.D.N.Y. Aug. 31, 2000) (SHS) ("Mac Truong is hereby put on notice that any further harassing or vexatious litigation by him will be subject to sanction"); Mac Truong v. Tompkins, No. 00 Civ. 3490 at *4 (S.D.N.Y. May 30, 2000) (SAS) (barring Mac Truong "from filing any new lawsuits related to the state court action without prior leave of this Court."); Dr. Mac Truong v. Alphonse Hotel Corp. et. al., No. 101405/09 (N.Y. Sup. Ct. Apr. 17, 2009) (Lowe, J.H.O.) ("THE COURT: And I am imposing the following: You may not file another lawsuit without this Court's prior approval. If you do so you will be held in contempt. Do you understand that? DR. TRUONG: Yes, Your Honor."). Further, when affirming dismissal of the lawsuit Plaintiff brought against the then-Chief Judge of the New York Court of Appeals after she dismissed his appeal of his disbarment, the Second Circuit "advised [Plaintiff] that any future frivolous appeals, motions, or other vexatious filings could result in the imposition of sanctions, including an order barring any future filings, absent approval by the Court." Truong v. Kaye, 328 F.App'x 31, 32 (2d Cir. 2009).

6

As a member of the Bar prior to his disbarment, Plaintiff was repeatedly warned that his practice of vexatious, harassing, and meritless litigation was both inappropriate and sanctionable. Vitranschart, Inc. v. Levy, 2000 WL 1239081 at n.4 (collecting cases). In light of these previous Orders forbidding Plaintiff from pursuing the instant litigation, it is clear that monetary sanctions are now appropriate.

Under Rule 11 of the Federal Rules of Civil Procedure "[a] motion for sanctions under this rule shall be made separately from other motions or requests." Though Defendants have moved for fees and costs as part of their Motion to Dismiss, Docket # 9, Defendants did not file a separate motion for sanctions pursuant to Rule 11.[2]

---

[2] In an earlier iteration of this vexatious suit, in which defendants also failed to file a separate Motion seeking sanctions, Plaintiff was nonetheless sanctioned pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Vishipco Line v. Charles Schwab & Co., 2003 WL 1345229 at *11 (S.D.N.Y. Mar. 19, 2003) (Stein, J) (taxing Truong for fees and costs and enjoining him "from commencing any new proceedings, as either a party or as counsel, against Schwab or its attorneys for claims relating to the transactions or occurrences alleged against these defendants in the complaints filed in these actions, without first obtaining permission from the court in which the action is to be filed and by showing that court a copy of the injunction."). However, since Plaintiff has since been disbarred, sanctions pursuant to § 1927 are not now available.
7

However, the Court is also possessed of the inherent power to issue sanctions, "derive[d] from the fact that courts are vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Schlaifer Nance & Co, Inc.. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999) (citations and internal quotation marks omitted). The Supreme Court has cautioned that a court's inherent power should be used with restraint and discretion. See U.S. v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO., 948 F.2d 1338, 1345 (2d Cir. 1991) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123 (1991)). When a court intends to impose sanctions, the target of those sanctions is entitled to notice of the behavior the court finds actionable and the specific authority under which the court intends to impose the sanctions. See Schlaifer Nance & Co., Inc. 194 F.3d at 334.

Here, Plaintiff has a demonstrated history of contempt for lawful Court Orders, and the Court finds that the prior injunctions and prior sanctions issued against Plaintiff were adequate to put him on notice that the next Court in which he filed a meritless, vexatious action might exercise its intrinsic power to impose sanctions against him. See, e.g., Vitranschart, Inc. v. Levy, 2000 WL 1239081, at *11 (warning that "any further

harassing or vexatious litigation by [Mac Truong] will be subject to sanction"); Vishipco Line v. Charles Schwab & Co., 2003 WL 1345229 at *11 (noting previous injunction, taxing Truong for defendants' fees and costs, and further enjoining Plaintiff "from commencing any new proceedings, as either a party or as counsel, against Schwab or its attorneys for claims relating to [the subject matter of the instant lawsuit], without first obtaining permission from the court in which the action is to be filed and by showing that court a copy of the injunction").

Accordingly, Plaintiff Mac Truong is taxed for Defendants' reasonable fees and costs in defending this action, in an amount to be determined by the Court. Defendants are directed to submit an affidavit setting forth the total hours spent and legal services rendered and hourly fees for Counsel in connection with this matter, and Plaintiff may respond within ten days thereafter.

Further, because previous sanctions of fees and costs, levied in prior iterations of this lawsuit by other Courts, have been inadequate to prevent Plaintiff from continuing to violate the injunctions against him and otherwise to demonstrate his contempt for the courts, Plaintiff Mac Truong is hereby SANCTIONED in the additional amount of $10,000.00.

## V. Conclusion

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Henry B. Pitman dated March 3, 2011, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations and legal findings. The Court further orders sanctions and enjoins Plaintiff from filing any future action without first obtaining a Court Order, as detailed herein. Summary judgment in favor of Defendants is GRANTED and the Complaint is dismissed in its entirety, on the merits and with full preclusive effect.

Defendants are ORDERED to provide the Court with an accounting of their fees and costs accrued in defending this action within ten days of the date of this Order, as set forth herein.

The Clerk of Court is directed to close the docket in this matter, to enter a sanction against Plaintiff in the amount of $10,000.00, and to refuse all future filings by Plaintiff, in this or in any future lawsuit, unless accompanied by a Court Order granting Plaintiff permission to so file.

Plaintiff is ORDERED to pay the sanction imposed herein within thirty (30) days of the date of this Order. If Plaintiff doe not timely make payment in full, interest shall begin to

accrue, at the then-current post-judgment rate, on the thirty-first day after the date of this Order.

Though Plaintiff paid the filing fee to bring this frivolous action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the Court's Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York

       March 30, 2010

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge